THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT LINMAN, on behalf of himself and all
others similarly situated,

                              Plaintiffs,

        v.

MARTEN TRANSPORT, LTD.

                              Defendant.

Case No. 3:22-cv-00204

**DEFENDANT'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO
DISMISS**

I.      **INTRODUCTION**

        Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Marten Transport, Ltd.
("Marten Transport"), by and through its undersigned counsel, moves this Court to dismiss with
prejudice the Class Action Complaint ("Complaint") of Plaintiff Scott Linman ("Plaintiff"). In
support of its request, Marten Transport states that Plaintiff has failed to establish Article III
standing.  Plaintiff does not allege an actual or imminent injury-in-fact; however, even if this Court
were to find otherwise, Plaintiff's alleged injury is not fairly traceable to the alleged wrongdoing
of Marten Transport. Accordingly, this Court lacks subject matter jurisdiction under Rule 12(b)(1)
and the Complaint should be dismissed.

        Additionally, each of Plaintiff's five causes of action fails to state a claim upon which relief
can be granted. Plaintiff's claims for negligence, breach of implied contract, invasion of privacy,
and unjust enrichment fail to adequately plead the requisite elements for each claim. Plaintiff's
claim for breach of confidence is not recognized under Wisconsin law, but even if it was, Plaintiff
nonetheless fails to plead the elements required by other jurisdictions. Thus, even if the Court
determines Plaintiff has standing to bring his claims, Marten Transport respectfully submits that
the Complaint should still be dismissed with prejudice under Rule 12(b)(6).

In the alternative, if the Court does not dismiss the Complaint in its entirety, it should strike Paragraphs 45-53 of the Complaint. These paragraphs cite portions of online articles and blogs, or purport to contain summaries of information from those online materials, the reliance upon which can lead to prejudice Marten Transport. Pursuant to Rule 12(f), Marten Transport seeks dismissal of these Paragraphs as immaterial.

## II.   FACTUAL ALLEGATIONS[1]

According to the Plaintiff's Class Action Complaint, Marten Transport is a freight carrier and logistics company that operates throughout North America. Doc. 1, ¶ 22. On October 3, 2021, Marten Transport detected a cyberattack in which an unauthorized actor accessed and encrypted files on certain of its servers (the "Incident"). *Id.* ¶ 27. Marten Transport later discovered that the unauthorized actor had accessed its system from September 30, 2021 to October 4, 2021. *Id.* ¶ 28. Marten Transport conducted an investigation, which concluded on March 8, 2022, to determine which individuals' information was affected in the Incident. *Id.* ¶ 30. Marten Transport determined that the unauthorized actor had viewed or downloaded files containing information about its employees and job applicants, including their names and Social Security numbers. *Id.* ¶ 33.

Plaintiff, a resident of Arizona, alleges that he had provided his PII to Marten Transport when he applied for a job in 2018. Doc. 1, ¶¶ 15, 59. He did not accept Marten Transport's job offer and so was never its employee. *Id.* ¶ 59. Plaintiff alleges he received notice of the Incident from Marten Transport on or about March 30, 2022, which stated that his PII, including name and Social Security Number, was "compromised." *Id.* ¶ 60. Plaintiff further alleges that as a result of the Incident, he made "reasonable efforts to mitigate the Incident's impact," including unspecified

---

[1] When evaluating a motion to dismiss under Rule 12(b)(6), all well-pled allegations are accepted as true. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). However, Marten does not admit the truth of any allegations in the Complaint and cite them here solely for purposes of this motion.

research, reviewing credit reports and account statements, researching, and signing up for credit monitoring and identity theft protection services offered by Marten Transport in its notice; and contacting creditors and credit bureaus. *Id.* ¶ 61. He alleges to have spent approximately two hours on these activities. *Id.*

Plaintiff also alleges that his debit card information was accessed and used by unauthorized third parties in early March 2022 when approximately $140 was withdrawn from his bank account "[i]n a series of fraudulent transactions." Doc. 1, ¶ 62. Plaintiff alleges he has not yet been reimbursed but has spent approximately three hours "dealing with the fraudulent charges." *Id.* ¶ 62. Plaintiff alleges that this event resulted from the Incident but does not specify how, and does not allege that his debit card information was potentially exposed. Doc. 1, generally.

Plaintiff also alleges he suffered emotional distress as a result of the Incident, including anxiety about unauthorized parties accessing his PII and potential identity theft and fraud. Doc. 1, ¶ 63. He further alleges injuries in the form of "damage to and diminution in the value" of his PII, violation of privacy rights, and an increased risk of identity theft and fraud. *Id.* ¶ 64. Plaintiff anticipates spending time and money in the future to mitigate the Incident's effects. *Id.* ¶ 65.

Plaintiff seeks to represent a nationwide class of "[a]ll United States residents whose PII was or could have been accessed during the [Incident] that is the subject of the notice of data breach that Defendant sent to Plaintiff and other class members." Doc. 1, ¶ 67. He brings causes of action sounding in: (i) negligence; (ii) breach of implied contract; (iii) invasion of privacy; (iv) breach of confidence; and (v) unjust enrichment. *Id.* ¶¶ 82-154. Plaintiff alleges he and the proposed class members have or will suffer (i) lost or diminished value of PII; (ii) out-of-pocket expenses associated with mitigation efforts; (iii) lost opportunity costs associated with mitigation efforts; and (iv) continued risk to their PII. *Id.* ¶ 13. He also alleges that he and the class members

have and will suffer actual identity theft and anxiety, emotional distress, and loss of privacy. *Id.* ¶ 114.

## III.   ARGUMENT

### A.   Plaintiff Does Not Have Standing.

#### 1.   Plaintiff Has the Burden of Establishing Standing.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2. To have standing under Article III, a plaintiff must show each of the following elements: (1) an injury-in-fact; (2) a traceable causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* at 560.

"If the plaintiff lacks standing, a defendant may bring a motion to dismiss for lack of subject jurisdiction under Fed. R. Civ. P. 12(b)(1)." *EMD Crop Bioscience Inc. v. Becker Underwood, Inc.*, 750 F.Supp.2d 1004, 1011 (W.D. Wis. 2010) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009)). When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court must accept as true all well-pleaded factual allegations in the complaint and draw reasonable inferences from those allegations in favor of the plaintiff. *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 698 (7th Cir. 2015) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). A plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing Article III standing. *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016).

**2. Plaintiff's Allegations of Unauthorized Debit Card Use Are Not Fairly Traceable to the Incident.**

As discussed further below, Plaintiff does not allege an actual or imminent injury-in-fact related to the Incident, beyond the alleged unauthorized use of his debit card in March 2022. Doc. 1, ¶ 62. However, allegations related to unauthorized debit card use do not confer standing because the allegations are not causally connected to Marten Transport's alleged conduct. *See Lujan*, 504 U.S. at 561. To be so, an injury must be "'fairly…trace[able] to the challenged action of the defendant, and not…th[e] result [of] the independent action of some third party not before the court.'" *Id*. at 560-61 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976)).

Plaintiff's allegation that this instance of unauthorized debit card use is the result of the Incident is wholly conclusory and speculative. Plaintiff does not allege that his debit card information was involved in the Incident. Doc. 1, generally. Rather, he alleges only that his name and Social Security number were "compromised." *Id.* ¶ 60. Plaintiff therefore fails to "causally connect" the exposure of those two categories of information to the unauthorized use of his debit card and has not sufficiently pled that the use was not the result of some other unauthorized third party's action separate and apart from the Incident and Marten Transport. *See Lujan*, 504 U.S. at 560-61 (requiring a traceable causal connection between the injury and the conduct complained of for standing). Plaintiff's allegation that this instance of unauthorized debit card use is the result of the Incident is wholly conclusory and speculative, and without any plausible connection.

A failure to allege that identity theft is somehow traceable to the disclosure of specific information has been found in this district not to meet the traceability requirement to confer standing. *See Baysal v. Midvale Indem. Co.*, No. 21-CV-394-WMC, 2022 WL 1155295, at *3 (W.D. Wis. Apr. 19, 2022). As Plaintiff has failed to meet the traceability requirement, any

allegations related to the alleged incident of unauthorized debit card use do not confer standing. And as discussed below, Plaintiff otherwise fails to allege a required concrete injury-in-fact.

### 3. By Otherwise Relying on Generalized Fears of Future Harm and Mitigation Efforts, Plaintiff Has Not Otherwise Shown a Concrete Injury-in-Fact That Is Actual or Imminent.

To have standing to sue, a plaintiff must have suffered an injury-in-fact that is concrete, particularized, and actual or imminent, not merely conjectural or hypothetical. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). Satisfying the particularization requirement "is generally easy to understand." *Larkin v. Fin. Sys. of Green Bay, Inc*. 982 F.3d 1060, 1064 (7th Cir. 2020). "An injury is particularized if it affect[s] the plaintiff in a personal and individual way." *Id*. (citing *Lujan*, 504 U.S. at 560 n.1) (internal quotation marks omitted). As for concreteness, "[a] concrete injury must be *de facto*; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548 (internal citations and quotation marks omitted). In other words, it must be "real, and not abstract." *Id*. (internal citations and quotation marks omitted). Because an injury-in-fact cannot be conjectural or hypothetical, mere "[a]llegations of possible future injury are not sufficient." *Clapper*, 568 U.S. at 409. "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021).

Plaintiff has failed to carry his burden to show that he has standing to pursue this case under Article III. Plaintiff has not suffered any actual injury, such as identity theft that, as addressed above, is causally connected to the Incident. He has also failed to show a risk of future harm that is sufficient to establish standing.

First, there are no allegations in the Complaint showing that Plaintiff was a victim of identity theft or any other harm (beyond the alleged unauthorized use of his debit card discussed

above) as a result of the Incident. Instead, Plaintiff alleges that he has suffered emotional distress as a result of the Incident and "is very concerned about identity theft and fraud." Doc. 1, ¶ 63. Plaintiff has therefore failed to show any already-materialized harm that can establish standing under Article III.

Second, Plaintiff has failed to show a risk of any future harm that can confer standing. In *TransUnion*, the U.S. Supreme Court clarified the standard that a plaintiff must meet when seeking to establish standing on the basis of a potential future injury. In that case, the plaintiffsued TransUnion, a credit reporting agency, for processing inaccurate credit reports for all class members, in violation of the Fair Credit Reporting Act ("FCRA"). *TransUnion*, 141 S. Ct. at 2200. Although TransUnion had processed inaccurate credit reports for all class members, it only disclosed the reports of some class members to third-party businesses. *Id*. The Supreme Court held that only those class members whose reports were actually disclosed had standing to pursue their claims against TransUnion for failure to employ reasonable procedures to protect against inaccuracies. *Id*. Although the remaining class members claimed that they were at risk of future disclosure, the Supreme Court found that these class members lacked standing under Article III because TransUnion had not disclosed these class members' reports to anyone and they therefore had no suffered any actual, concrete harm. *See id*.

In assessing whether the risk of future harm can constitute an injury-in-fact under Article III, the Supreme Court distinguished between claims seeking injunctive relief and claims seeking monetary damages. According to the Supreme Court, when seeking injunctive relief, a plaintiff may rely on a potential future injury to establish standing, "at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion*, 141 S. Ct. at 2210 (internal citations omitted). In a suit for damages, however, the mere risk of future harm, without more, cannot qualify as a

concrete harm sufficient to establish standing. *Id*. at 2211. A plaintiff must show that the harm actually materialized or that the risk of future harm has caused a separate concrete harm. *Id*. The analysis applied by the Supreme Court in *TransUnion* is equally applicable here and leads to the conclusion that risk of future harm without actual injury in fact is insufficient to establish standing. *Id*.

In this case, Plaintiff seeks both injunctive relief and monetary damages, but he has failed to plead facts showing that he has standing to pursue either form of relief. First, with respect to Plaintiff's request for injunctive relief, he has not pled facts that show he is at a "substantial and imminent" risk of identity theft. The Supreme Court has recognized that "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion*, 141 S.Ct. at 2210 (internal citations omitted). The Incident occurred almost one year ago. Not only has Plaintiff failed to plead any facts showing that he suffered identity theft related to the Incident or some other harm as a result of the Incident, but there are no facts in the Complaint that suggest Plaintiff is at an imminent and substantial risk of suffering any such harm. Moreover, the notice letter that Plaintiff references in the Complaint states that, in response to the incident, Marten Transport took steps to "secure [its] environment and investigate the activity," including "enhancing [its] information security posture through administrative and technical measures." Doc. 1, n. 2. Marten also provided potentially impacted individuals with complimentary access to credit monitoring and identity restoration services. *Id*. Simply put, the circumstances have changed since the Incident.

Furthermore, the Complaint does not specifically identify any "forward-looking, injunctive relief" that would further prevent any future harm from occurring. *See TransUnion*, 141 S.Ct. at

2210 (internal citations omitted). Rather, Plaintiff's laundry list of items that he asks the Court to require Marten Transport to do are entirely without context, as Plaintiff does not and cannot allege which of those items Marten Transport has already implemented, either before or after the Incident. Doc. 1, Prayer for Relief, C(i)-(xvi). Merely asking the Court to require implementation of various data security safeguards fails to meet the standard set out in *TransUnion.*

      With respect to Plaintiff's claim for monetary damages, the mere risk of future harm, without more, cannot qualify as a concrete harm sufficient to establish standing. *Id*. at 2211. A plaintiff must show that the harm actually materialized or that the plaintiff was "independently harmed by . . . exposure to the risk itself." *Id*. Before the Supreme Court issued its decision in *TransUnion*, the Seventh Circuit had held that a substantial risk of identity theft was sufficient to establish Article III standing in a data breach class action. *Remijas v. Nieman Marcus Grp., LLC*, 794 F.3d 688, 693 (7th Cir. 2015). Under that standard, "[w]hether a data breach exposes consumers to a material threat of identity theft turns on two factors that derive from *Remijas*: (1) the sensitivity of the data in question . . . and (2) the incidence of 'fraudulent charges' and other symptoms of identity theft." *Kylie S. v. Pearson PLC*, 475 F. Supp. 3d 841, 846 (N.D. Ill. 2020) (citing *In re Vtech Data Breach Litig.*, No. 15-10889, 2017 WL 2880102, at *4 (N.D. Ill. July 5, 2017); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 967 (7th Cir. 2016)). The rationale underlying *Remijas* and its progeny, however, must now be viewed differently in light of *TransUnion*. Although *TransUnion* did not involve a data breach, the purported risk of future harm in that case—the possibility that the plaintiff class's inaccurate credit reports would be disclosed to third parties—is analogous. In rejecting the argument that risk of future disclosure of a credit report could serve as a concrete harm constituting an injury-in-fact satisfying Article III, the Supreme Court agreed with the argument TransUnion advanced:

> [I]f an individual is exposed to a risk of future harm, time will
> eventually reveal whether the risk materializes in the form of actual
> harm. If the risk of future harm materializes and the individual
> suffers a concrete harm, then the harm itself, and not the pre-existing
> risk, will constitute a basis for the person's injury and for damages.
> If the risk of future harm does *not* materialize, then the individual
> cannot establish a concrete harm sufficient for standing[.]

*TransUnion*, 141 S.Ct. at 2211 (emphasis in original).

Here, the future harm—identity theft or some other harm emanating from the Incident—

has not materialized, nor has Plaintiff pled facts showing that the "risk of future harm itself causes

a *separate* concrete harm." *Id*. (emphasis in original). Although Plaintiff states in conclusory

fashion that the Incident has caused him emotional distress, that alleged distress relates solely to

the risk of future identity theft. Doc. 1, ¶ 63. Moreover, "[t]he Seventh Circuit has explicitly held

[anxiety and emotional distress] are *not* sufficiently concrete to confer standing." *Baysal*, 2022

WL 1155295, at *4 (emphasis in original) (citing *Wadsworth v. Kross, Lieberman & Stone, Inc.*,

12 F.4th 665, 668 (7th Cir. 2021)). Plaintiff has not included any factual allegations that show how

he has been "independently harmed by [her] exposure to the risk itself." *TransUnion*, 141 S.Ct. at

2211. In sum, Plaintiff cannot rely on generalized allegations of potential future harm to satisfy

his burden of showing an injury-in-fact.

Plaintiff's other alleged injuries—diminution in value of his PII, and time and money lost

in mitigation efforts—do not confer standing either. In numerous data breach cases filed

throughout the country, courts have rejected these injuries, finding they are not legally-cognizable

concrete injuries sufficient to clear the standing hurdle. For example, in *Tsao v. Captiva MVP

Restaurant Partners, LLC*, the Eleventh Circuit Court of Appeals found that alleged efforts to

mitigate risk and injuries like lost time did not establish standing. 986 F.3d 1332, 1344-45 (11th

Cir. 2021). Similarly, in *Muransky v. Godiva Chocolatier, Inc.*, the same court found that

mitigation costs were insufficient to confer standing because there was no substantial risk of identity theft, and plaintiff's "assertion of waste time and effort necessary rose or fell alone with the Court's determination of whether there was substantial risk of harm." 979 F.3d 917, 931 (11th Cir. 2020). *See also In re Practicefirst Data Breach Litigation*, No. 1:21-cv-00790, 2022 WL 354544, at *6 (W.D.N.Y. Feb. 2, 2022); *Legg v. Leaders Ins. Co.,* No. CIV-655-D, 2021 WL 5772496, at *14-16 (W.D. Okla. Dec. 6, 2021); *Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359, 367-68 (M.D. Pa. 2015). In *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litigation*, the court rejected alleged diminution in value of PII as a concrete injury because the plaintiffs did not allege any intent to sell their data, and even if they had, it was unclear whether or how the data could have been devalued by the breach. 45 F. Supp. 3d 14, 30 (D.D.C. 2014); *see also Green v. eBay Inc., No. CIV.A. 14-1688*, 2015 WL 2066531, at *5, n.59 (E.D. La. May 4, 2015).[2]

All of these alleged injuries emanate from Plaintiff's perceived, purported risk of future harm and are not in response to an actual injury-in-fact. Given the new precedent set in *TransUnion*, these decisions (several issued after *TransUnion*) rejecting a speculative risk of identity theft and alleged monetary or other damages resulting therefrom, are relevant to the Court's evaluation of Plaintiff's standing. Seventh Circuit case law is inconsistent with the Supreme Court's holdings in *TransUnion* and as Plaintiff lacks Article III standing thereunder, this case should be dismissed.

---

[2] *But see Hutton*, 892 F.3d 613, 622 (4th Cir. 2018); *In re Marriott Int'l, Inc., Customer Data Security Breach Litig.*, 440 F.Supp.3d 447, 461 (D. Md. 2020); *In re Experian Data Breach Litig.*, No. SACV15192AGDFMX, 2016 WL 7973595, at *5 (C.D. Cal. Dec. 29, 2016).

**B.      Plaintiff's Five Causes of Action Each Fail to State a Claim.**

**1.   Standard Under Rule 12(b)(6).**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams*, 742 F.3d at 728 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). All factual allegations are accepted as true, but legal conclusions are insufficient. *Id.* (citing *McReynolds v. Merrill Lynch & Co.*, *Inc.*, 694 F.3d 878, 885 (7th Cir. 2012)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). A complaint that pleads facts "'merely consistent with' a defendant's liability" does not meet the requirement of plausibility of entitlement to relief. *Id.*

**2.   Plaintiff's Negligence Claim Should Be Dismissed.**

In Wisconsin, there are four requirements to bring a negligence claim: "(1) a duty of care; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; (4) an actual loss or damage as a result of the injury." *Lee v. John Crane, Inc.*, No. 90-C-845-C, 2003 WL 23218095, at *1 (W.D. Wis. Mar. 19, 2003) (citing *Dixon ex rel. Nikolay v. Wisconsin Health Organization Insurance Corp.*, 2000 WI 95, ¶ 21, 237 Wis.2d 149, 612 N.W.2d 721).

As Plaintiff has not suffered any actual loss or damage causally connected to the Incident (as set forth in more detail above), his negligence claim fails. *See Shanley v. Omega Flex, Inc.*, No. 19-cv-664-slc, 2021 WL 778921, at *3 (W.D. Wis. Mar. 1, 2021) (causation is an essential element of a negligence claim and exists when the defendant's negligence was a substantial factor in

producing plaintiff's harm); *Spivey-Johnson v. SM&P Utility Resources, Inc.*, No. 05-C-0087, 2007 WL 81883, at *3 (E.D. Wis. Jan. 8, 2007) (dismissing negligence claim when plaintiff failed to specifically identify compensable injury suffered as a result of defendant's conduct); *Lee*, 2003 WL 23218095, at *1. The mere possibility of causation is insufficient to show negligence and cannot be purely speculative or conjecture. *See Shanley*, 2021 WL 778921, at *3 (citing *Merco Distrib. Corp. v. Commercial Police Alarm Co., Inc.*, 84 Wis.2d 455, 458, 267 N.W.2d 652 (1978)). His allegation that his debit card was misused is unconnected to the Incident where there are no allegations his debit card information was involved. *See Baysal*, 2002 WL 1155295, at *3. Plaintiff's other allegations related to a risk of future identity theft, lost value of PII, and mitigation expenses are speculative and hypothetical, and do not constitute actual losses or damages, as discussed above. Accordingly, Plaintiff cannot satisfy the damages requirement to pursue his negligence claim (Count I) and it should be dismissed with prejudice.

### 3.   Plaintiff's Breach of Implied Contract Claim Should Be Dismissed.

To state a claim for breach of implied contract in Wisconsin, a plaintiff must allege "(1) a contract, (2) its breach, and (3) resulting damages." *Sanchelima Int'l, Inc. v. Wabash Nat'l Corp.*, No. 18-cv-31-jdp, 2018 WL 3848433, at *2 (W.D. Wis. Aug. 13, 2018) (citing *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469 (7th Cir. 2009)). "An implied contract, like an express contract, requires the element of a mutual meeting of minds and an intention to contract; it is established by proof of circumstances from which the intention of the parties is implied rather than expressed." *Emirat AG v. High Point Printing, LLC*, 248 F.Supp.3d 911, 930 (E.D. Wis. 2017) (citing *Schaller v. Marine Nat'l Bank of Neenah*, 131 Wis.2d 389, 398, 388 N.W.2d 645 (Ct.App. 1986)).  An implied contract arises under circumstances according to individuals' ordinary course of dealing and common understanding, showing a mutual intention. *Id.*

Plaintiff alleges that when he was "required" to provide his personal information to Marten Transport "as a condition of applying for employment," the parties entered into an implied contract whereby Marten Transport "agree to safeguard and protect" it. Doc. 1, ¶ 119. Yet Plaintiff alleges nothing specific evidencing a mutual meeting of the minds or intention to contract. *See Emirat AG*, 248 F.Supp.3d at 930. Plaintiff alleges no statements or conduct by Marten Transport beyond it purportedly requiring Plaintiff's personal information as part of his employment application. This omission ignores the conclusion that the information would obviously be necessary to evaluate Plaintiff's application and was not "required" by Marten Transport as part of any attempt to create a contractual relationship at that time. That Plaintiff declined Marten's offer of employment further demonstrates that no meeting or the minds or contractual relationship existed between the parties. Doc. 1, ¶ 59.

Plaintiff's breach of contract claim also fails because as discussed above, he did not suffer damages as a result of the Incident. *See Winfield Sols., LLC v. W S AG Ctr., Inc.*, No. 17-CV-942-SLC, 2019 WL 1900342, at *3 (W.D. Wis. Apr. 29, 2019) (citing *Brew City Redevelopment Grp. v. Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 714 N.W.2d 582 ("the elements of breach of contract are: the existence of a contract, the failure of a party to undertake what the party agreed to do, and damages")). Accordingly, Plaintiff's breach of implied contract claim (Count II) should be dismissed with prejudice.

### 4. Plaintiff's Invasion of Privacy Claim Should Be Dismissed.

Plaintiff's invasion of privacy claim fails for several reasons. The Complaint alleges Marten Transport "allowed" unauthorized access to Plaintiff's PII, which was an intrusion highly offensive to a reasonable person. Doc. 1, ¶¶ 127-128. However, Wisconsin does not recognize a

claim for invasion of privacy for negligent or reckless conduct resulting in disclosure of PII to a third party. *Fox v. Iowa Health Sys.*, 399 F.Supp.3d 780, 796 (W.D. Wis. 2019).

In Wisconsin, torts related to the invasion of privacy are codified in Wisconsin Statute § 995.50. *Fox*, 399 F.Supp.3d at 796-97. Based on his allegations, it appears Plaintiff's claim is being pled pursuant to section 995.50(2)(a)(1) ("intrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private or in a manner which is actionable for trespass."). *See* Wis. Stat. § 995.50(2)(a)(1). Plaintiff's claim under this subsection fails because he has not pled the required intentionality. Although section 995.50 does not specify whether intentionality is required, invasion of privacy is categorized as an intentional tort by Wisconsin Statute § 893.57 ("An action to recover damages for libel, slander, assault, battery, invasion of privacy, false imprisonment or other intentional tort to the person shall be commenced within 3 years after the cause of action accrues or be barred."). *See Fox*, 399 F.Supp.3d 796. Wisconsin courts have also assessed claims for intrusion upon seclusion by referring to the Restatement (Second) of Torts, which notes the tort requires intentionality. *See Hillman v. Columbia Cty.*, 164 Wis.2d 376, 391 (Ct.App.1991) (quoting Restatement (Second) of Torts § 652B). Additionally, the Civil Jury Instructions Committee of the Wisconsin Judicial Conference has commented that intentional conduct is required to bring a claim under section 995.50(2)(a)(1) in its model jury instructions. *See* WIS JI-CIVIL JI-2551 (2022) ("This invasion of privacy consists of an intentional interference…").

Courts in other jurisdictions have also required intentionality when considering similar claims. *Fox*, 399 F.Supp.3d at 796 n.2 (citing *Elliott-Lewis v. Abbott Labs.*, 378 F. Supp. 3d 67, 71 (D. Mass. 2019); *Burton v. MAPCO Express, Inc.*, 47 F. Supp. 3d 1279, 1288 (N.D. Ala. 2014); *Randolph v. ING Life Ins. and Annuity Co.*, 973 A.2d 702, 710 (D.C. 2009); 62A Am. Jur.

2d Privacy § 97 ("Because invasion of privacy is an intentional tort, an allegation that a business was negligent in permitting the personal information of a customer to be stolen in a data security breach does not support a claim for invasion of privacy based on the public disclosure of private information.")). As section 995.50 is to be "interpreted in accordance with the developing common law of privacy," there is little doubt intentionality is required to bring this claim in Wisconsin. *See* Wis. Stat. § 995.50(3); *Fox*, 399 F.Supp.3d at 797. Here, Plaintiff does not allege Marten Transport intentionally allowed the unauthorized access to PII, so his claim fails. Notwithstanding, even if intentionality were not required, Marten itself did not commit the alleged intrusion—it was committed by unauthorized third parties.

Accordingly, Plaintiff's invasion of privacy claim (Count III) should be dismissed with prejudice.

### 5.  Plaintiff's Breach of Confidence Claim Should Be Dismissed.

Plaintiff's breach of confidence claim fails because there is no legal authority recognizing it as a viable cause of action under Wisconsin law, and in particular none recognizing it as an actionable tort in the data security context. In Wisconsin, breaches of confidence or confidentiality are generally referenced in the context of trade secrets and professional negligence. *See, e.g.*, *Smith v. Dept. of Corrections of State of WI*, No. 03 C 0103, 2005 WL 2449841, at *25 (E.D. Wis. Sep. 30, 2005) (plaintiff's claim of "breach of confidence and professional negligence" failed when plaintiff was not treated by defendants); *Winius v. Pawlak*, No. 19-C-936, 2019 WL 3306148, at *4 (E.D. Wis. Jul. 23, 2019) (plaintiff's allegations of breach of confidentiality against prison's social worker failed absent specific allegations of existence of contractual or statutory right to confidentiality); *Metso Minerals Industries v. FLSmidth-Excel LLC*, 733 F.Supp.2d 969, 977 (E.D. Wis. 2010) ("misappropriation of a trade secret…is also a breach of confidence"); *Forest*

*Laboratories, Inc. v. Formulations, Inc.*, 299 F. Supp. 202, 205 (E.D. Wis. 1969) (elements of cause of action for misappropriation of trade secrets are an actual trade secret and breach of confidence).

Even if breach of confidence were a recognized cause of action in Wisconsin, Plaintiff has failed to plead facts establishing the requisite elements of the tort, as it has been defined in other states. For example, under California law, a plaintiff must plead facts showing "(1) the plaintiff conveyed 'confidential and novel information' to the defendant; (2) the defendant had knowledge that the information was being disclosed in confidence; (3) there was an understanding between the defendant and the plaintiff that the confidence be maintained; and (4) there was a disclosure or use in violation of the understanding." *Enterprise Research Group, Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1226-27 (9th Cir. 1997). Similarly, breach of confidence has been defined, when applying New York law, as requiring "(i) possession by the plaintiff of knowledge or information which is not generally known; (ii) communication of this knowledge or information by the plaintiff to the defendant under an express or implied agreement limiting its use or disclosure by the defendant, and (iii) use or disclosure by the defendant of the knowledge or information so obtained in violation of the confidence, to the injury of the plaintiff." *Rototron Corp. v. Lake Shore Burial Vault Co., Inc.*, 553 F. Supp. 691, 697 (E.D. Wis. 1982) (quoting *Wheelsabrator Corp. v. Fogle*, 317 F. Supp. 633, 637 (W.D. La. 1970)).

Here, Plaintiff has failed to plead facts demonstrating an understanding or agreement limiting the use or disclosure of the information. Plaintiff alleges no statements or other specific conduct by Marten Transport, except for a privacy policy posted on its website. Doc. 1, ¶ 26. Plaintiff cites a quotation from the website: "The security for all personally identifiable information associated with guests of the http://www.drive4marten.com Web site is of great

concern to Marten Transport Ltd. We exercise caution and great care in providing secure transmission of your information from your PC to our servers" *Id.* But that statement clearly applies only to users of Marten Transport's website, not prospective employees. Plaintiff does not allege he provided his PII to Marten Transport through its website.

Plaintiff also fails to show a "disclosure or use" of his PII. California courts in the data breach context have found that "disclose" is "an active verb, denoting . . . an affirmative act of communication[.]" *In re Ambry Genetics Data Breach Litig.*, No. 20-00791, 2021 WL 4891610, at *9 (C.D. Cal. Oct. 18, 2021) (internal citations omitted). Plaintiff here "do[es] not allege that Defendant[] performed any affirmative communicative act that gave hackers information." *Id.* Nor can he show that there was any "use" of his information. As discussed above, Plaintiff has not pled facts showing how the information allegedly exposed in the Incident could have led to his allegations of debit card misuse.

Accordingly, Plaintiff's breach of confidence claim (Count IV) should be dismissed with prejudice.

### 6. Plaintiff's Unjust Enrichment Claim Should Be Dismissed.

Because Marten Transport has not retained a benefit to Plaintiff's detriment—and particularly not inequitably—his unjust enrichment claim fails. Under Wisconsin law, the elements of unjust enrichment are: "(1) a benefit conferred by plaintiffs to the defendants; (2) defendant's knowledge of the benefit; and (3) it would be inequitable for defendant to retain the benefit without paying its value." *Fox*, 399 F.Supp.3d at 802 (citing *Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, 399 Wis.2d 291, 811 N.W.2d 351). Plaintiff alleges that Marten Transport "benefit[t]ed from receiving Plaintiff's and Class Members' PII by its ability to retain and use that information for its own benefit." Doc. 1, ¶ 146. Besides his conclusory allegations, Plaintiff does

not plead how Marten Transport benefitted from receiving his personal information. There are no allegations that Marten Transport sold or otherwise utilized Plaintiff's PII. The only (implicitly) alleged use was for evaluating Plaintiff's employment application, which only Plaintiff benefitted from by receiving an employment offer he later declined. Plaintiff also claims Marten Transport "should not be permitted to retain money belonging to Plaintiff and Class members." Doc. 1, ¶ 151. But there are no allegations that Plaintiff ever paid money to Marten Transport. Nor does Plaintiff allege, beyond other conclusory allegations, how retention of any alleged but unspecified benefit would be inequitable. Plaintiff does not satisfy the requirements to bring an unjust enrichment claims besides repeating its elements in a generalized fashion, which is insufficient to defeat a motion to dismiss. *See Adams*, 742 F.3d at 728

Accordingly, Plaintiff's unjust enrichment claim (Count V) should be dismissed with prejudice.

**B. Alternatively, Immaterial and Impertinent Allegations Should Be Stricken.**

**1. The Court Should Strike Immaterial, Generalized Allegations About Identity Theft and Data Breaches That Are Not Related to This Case.**

If the Court does not dismiss the Complaint, Marten Transport respectfully requests that it strike the immaterial and impertinent allegations concerning identity theft and data breaches that have nothing to do with the parties or facts of this case.

Federal Rule of Civil Procedure 12(f) permits a court to strike immaterial and impertinent allegations from a pleading on its own or upon motion by a party. *See* Fed. R. Civ. P. 12(f). Allegations may be stricken as scandalous when they bear no possible relation to the controversy at issue and or may cause prejudice to the objecting party. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Instead of focusing solely on the Incident and his individual experiences, Plaintiff has filled parts of his Complaint with extraneous material concerning

opinions about the actions of identity thieves and statistics about cybercrime, pulled from citations to articles, studies, reports, and websites that have nothing to do with the specific facts of this case. Doc. 1, ¶¶ 43, 45-53. These immaterial and generalized allegations are designed to improperly inflame the issues and a jury, and invite speculation regarding the alleged risk of future identity theft in this case. They are the antithesis of the direction in Federal Rule of Civil Procedure 8 that a party submit "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff should limit the Complaint to the facts of the Incident suffered by Marten Transport and his individual experiences. The Court should strike paragraphs 45-53 pursuant to Rule 12(f).

## IV.    **CONCLUSION**

Plaintiff has not established Article III standing because he has not pled a concrete injury-in-fact. Where he tries, the allegations are not fairly traceable to the Incident. Even if Plaintiff did have standing, each of his five causes of action fail to state a claim for which relief can be granted. Each fail where Plaintiff has not suffered actual damages from Marten's alleged conduct. Plaintiff's breach of implied contract claim also fails because he has pled the required meeting of the minds to constitute an agreement between the parties. His invasion of privacy claim cannot survive without any intentional intrusion by Marten Transport. Breach of confidence is not a recognized cause of action in Wisconsin and if it were, Plaintiff has not demonstrated a disclosure of information or use thereof. Lastly, Plaintiff cannot show that he conferred a benefit on Marten Transport, which it inequitably retained, in order to bring an unjust enrichment claim. Accordingly, the Court should dismiss the Complaint with prejudice.

Dated: June 1, 2022

        */s/ Jordan O'Donnell*
        Jordan O'Donnell
        **MULLEN COUGHLIN**
        3 Allied Drive, Suite 303
        Dedham, MA  02026
        Tel: 267-930-4106
        Email: jsodonnell@mullen.law

        ***Attorneys for Defendant***