UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **SCOTT LINMAN**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MARTEN TRANSPORT, LTD.**,<br><br>Defendant. | Case No.: 3:22-cv-00204-jdp<br><br>Judge James D. Peterson<br><br>Magistrate Judge Anita M. Boor |

## ORDER GRANTING
## <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

This matter is before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement. On June 13, 2024, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Dkt. 44) of the Amended Settlement Agreement ("Settlement Agreement") between Defendant Marten Transport, Ltd. and Plaintiff Scott Linman ("Plaintiff" and, together with Defendant, the "Parties").[1]

Commencing on June 27, 2024, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Analytics Consulting, LLC, (the "Settlement Administrator") provided Notice to Settlement Class Members in compliance with the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class Members about the litigation and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

  object to the proposed Settlement.

(c) provided procedures for Settlement Class Members to file written objections to the proposed Settlement, to appear at the Final Approval Hearing, and to state objections to the proposed Settlement; and

(d) provided the time, date, and place of the Final Approval Hearing.

On December 5, 2024, the Court held a Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether judgment should be entered dismissing this litigation with prejudice. The Court reviewed (a) Plaintiff's Motion for Final Approval of Class Action Settlement and all supporting materials, including but not limited to the Settlement Agreement; and (b) Plaintiff's Motion for Attorneys' Fees, Expenses, and Class Representative Service Award and all supporting materials (collectively, the "Motions"). There were no objections filed or presented to the Court. The Court also considered the oral argument of counsel. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in the litigation, and with the active involvement of the Parties and a mediator, Bennett G. Picker. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty of

continued litigation of this matter, which further supports the Court's conclusion that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgement.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

**OBJECTIONS AND REQUESTS FOR EXCLUSIONS**

5. No objections to the Settlement were submitted by Settlement Class Members or by persons or entities to whom notice was provided under the Class Action Fairness Act. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. Moreover, three members of the Settlement Class, identified in Dkt. 58-1, made a valid and timely request to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members").

**CERTIFICATION OF THE SETTLEMENT CLASS**

7. Solely for the purposes of the Settlement Agreement and this Final Approval Order and Judgement, the Court hereby certifies the following Settlement Class:

The individuals who received or were sent notice from Defendant Marten Transport, Ltd.'s September 30, 2021 to October 4, 2021 Data Incident. Excluded from the Class are: (1) the judge presiding over this Action, and members of his direct family; (2) Marten, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; and (3) Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order, Dkt. 44, regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Scott Linman as Class Representative and concludes that he has fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court hereby grants final approval to the appointment of Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC; M. Anderson Berry of Clayeo C. Arnold, APC; and Nathan D. Prosser of Hellmuth & Johnson as Class Counsel. Class Counsel have fairly and adequately represented to the Settlement Class and shall continue to do so.

## **NOTICE TO THE CLASS**

11. The Court finds that the Notice Program, set forth in the Amended Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the

Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

12.     The Court awards Class Counsel $152,000.00 in fees and $10,733.25 for reimbursement of expenses. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement. Class Counsel shall have sole discretion in allocating the $152,000.00 of attorneys' fees among Plaintiff's Counsel.

13.     The Court awards $5,000 to Plaintiff Scott Linman as a Service Award. The Court finds this amount is justified by his service to the Settlement Class. Payments shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

## RELEASE

14.     Each Settlement Class Member, including the Class Representative, is: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and its past or present agents, subsidiaries, parents, and affiliates, and their respective employees, officers, directors, shareholders, partners, members, managers, owners, heirs, executors, predecessors, successors, assigns, insurers (including excess insurers and reinsurers), vendors, attorneys, and/or sureties ("Released Parties") from any claims, demands, rights, actions, or causes of action, liabilities, damages, losses, obligations, judgments, suits, penalties, remedies, matters, and issues of any kind or nature, whether known or unknown, that each Class Member has, had, or may ever have, now or in the future, known or unknown, arising out of or in any way related to the Data Incident whether or not those claims, demands, rights, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof ("Released

Claims").

15.   The Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement and binds the Class Representative and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the litigation and/or the Complaint.

## OTHER PROVISIONS

16.   The Settlement Fund, consisting of $520,000.00, shall be used to pay all costs of the Settlement, including all payments to Settlement Class Members, Notice and Settlement Administration Costs, the Attorneys' Fees and Litigation Expenses Award to Class Counsel, and the Class Representatives' Service Award.

17.   The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the litigation.

18.   The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and

Judgment may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

19. Consistent with the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of their provisions, will be vacated, including, but not limited to the Attorneys' Fees and Expenses Award and the Class Representatives' Services Awards, and the Final Approval Order and Judgment will not waive, release, or otherwise impact the Parties' rights or arguments in any respect; and (b) the litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the litigation as if the Settlement Agreement had never been entered into. No term or draft of this Settlement Agreement, or any part of the Parties settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the litigation.

20. Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over this litigation and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

21. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**IT IS SO ORDERED:**

December 11, 2024

_____
James D. Peterson
UNITED STATES DISTRICT JUDGE